IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICIA MEDINA RIOS, | § § | |
| *Plaintiff,* | § § | SA-22-CV-0884-ESC |
| vs. | § § | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| *Defendant.* | § § | |

## **ORDER**

This order concerns Plaintiff's Notice of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [#20].  By his motion, Plaintiff asks the Court to award attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), as the "prevailing party" in the above-styled cause of action.  The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements.  *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988).  Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified, or special circumstances make an award unjust.  *Id.*

The record reflects that on February 22, 2023, the Court granted the Commissioner's unopposed motion to vacate the Commissioner's decision finding Plaintiff not disabled and to remand this case for further proceedings [#18].  That same day, the Court issued a Final Judgment remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [#19].  The Fifth Circuit has held that a party who obtains a remand in a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.  *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

1

Plaintiff has requested fees in the amount of $4,256.39. In support of the instant motion, Plaintiff's counsel has submitted an Affirmation in Support of Motion for EAJA Fees [#21], which includes exhibits documenting the hours he spent representing Plaintiff in this case. Plaintiff's counsel has spent a total of 15.5 hours of attorney work at a rate of $232.67 an hour and 6.5 hours of paralegal work at a rate of $100.00 an hour. The Commissioner has filed a response to the motion [#22], which indicates that she is not opposed to Plaintiff's fee request.

Having reviewed the motion and the record, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case. The Court will therefore grant Plaintiff's motion and order the award of the stipulated amount to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#20] is **GRANTED** as follows:

**IT IS HEREBY ORDERED** that Plaintiff is awarded **$4,256.39** in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), made payable to Plaintiff and mailed to Plaintiff's counsel at his address of record.

**IT IS FURTHER ORDERED** that Defendant's payment of this amount bars any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action.

**IT IS FINALLY ORDERED** that Defendant's payment of this amount is without prejudice to Plaintiff's right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

**IT IS SO ORDERED.**

SIGNED this 5th day of June, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE